# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**BANK OF AMERICA, N.A.,**

    **Plaintiff,**

**v.**

    Case No. 17-cv-04007-DDC-KGS

**JERRY L. SWANSON**,

    **Defendant.**

## MEMORANDUM AND ORDER

On December 5, 2016, plaintiff filed a petition in the District Court of Allen County, Kansas, naming pro se defendant Jerry L. Swanson as the sole defendant. Doc. 1 at 1; Doc. 1-1 at 2. Plaintiff brought its petition under the Kansas Code of Civil Procedure for Limited Actions—Kan. Stat. Ann. § 61-2801 *et seq.*—alleging that defendant owes plaintiff more than $12,000 in credit card debt. Doc. 1-1 at 2–3.

Defendant[1] removed the action to our court on January 25, 2017. Doc. 1. Plaintiff timely filed its Motion to Remand on February 21, 2017. Doc. 4. Defendant did not respond to this Motion, and the time for doing so has passed. So, consistent with D. Kan. Rule 7.4(b), the court "will consider and decide the motion as an uncontested motion." In these circumstances, the court ordinarily "will grant the motion without further notice." D. Kan. Rule 7.4(b). Although the court could grant defendant's motion to remand under Rule 7.4(b) without further discussion, it also rules on the motion based on its merits. *E.g.*, *Gee v. Towers*, No. 16-2407, 2016 WL

---

[1] Because defendant proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for defendant. *Id.* Nor does defendant's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

4733854, *1 (D. Kan. Sept. 12, 2016) (dismissing complaint under Rule 7.4(b), but also considering motion to dismiss on its merits).

## Analysis

### I.     Remand

Plaintiff asks the court to remand this case to Kansas state court for two reasons: (1) defendant's removal was procedurally defective and (2) the court lacks subject matter jurisdiction over plaintiff's Complaint. Because the court concludes that it lacks jurisdiction to hear this case, it only addresses plaintiff's second argument.

A defendant may remove any state-court, civil action to federal court if the plaintiff could have brought at least one of its claims in federal court originally. 28 U.S.C. § 1441(a); *Russell v. Sprint Corp.*, 264 F. Supp. 2d 955, 958 (D. Kan. 2003), *abrogated on other grounds by Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). But, the court must remand the case to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (citation omitted). To invoke the court's subject matter jurisdiction properly, then, defendant—as the removing party here—must show that either federal question jurisdiction or diversity jurisdiction exists in this case.

No diversity jurisdiction exists here because plaintiff sued defendant in the state of his citizenship—Kansas. *See* 28 U.S.C. § 1441(b)(2). So, the court may only retain this case if jurisdiction exists under 28 U.S.C. § 1331—commonly called federal question jurisdiction. *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012). Under § 1331, the court has "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether a claim arises under federal law, courts

employ the well-pleaded complaint rule. *Id.* Under this rule, "a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Id.* (citations omitted). So, a federal defense, for instance, typically cannot satisfy the well-pleaded complaint rule, and thus cannot create federal question jurisdiction. *Id.*

In his Notice of Removal, defendant alleges that federal question jurisdiction exists here because the case arises under the Fair Debt Collections Procedures Act, 15 U.S.C. § 1692 *et seq*. Doc. 1 at 2. But plaintiff's petition does not assert a claim under that Act—defendant's counterclaim does. In 2002, the Supreme Court held that a defendant's federal counterclaim cannot satisfy the well-pleaded complaint rule, and thus cannot create federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002). So, defendant cannot rely on his counterclaim to create subject matter jurisdiction here. And, the only claim alleged in plaintiff's petition arises solely under state law. Therefore, the court does not have subject matter jurisdiction over plaintiff's petition.

The court thus grants plaintiff's motion to remand and remands the case to the District Court of Allen County, Kansas.

## II.    Attorney Fees

Plaintiff seeks an award of fees and expenses under 28 U.S.C. § 1447(c), which allows the court to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when remanding a case to state court. The decision to award fees and expenses "is within the [c]ourt's discretion." *Russell*, 264 F. Supp. 2d at 963 (citations omitted). But, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."

*Kansas ex rel. Morrison v. Price*, 242 F. App'x 590, 593 (10th Cir. 2007) (quoting *Martin*, 546 U.S. at 141).  In other words, the court may award fees and costs under § 1447(c) when the removing defendants had no "objectively reasonable grounds to believe the removal was legally proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1148, 1151 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005).

The court has no doubt that defendant's removal in this case was objectively unreasonable.  Not only has defendant failed to file a response to plaintiff's Motion to Remand explaining the reason he believed removal was appropriate, but the Supreme Court has also held that defendant's only basis for removal could not support federal court jurisdiction.  So, defendant had no objectively reasonable grounds to believe that his removal was legally proper.  The court thus awards plaintiff fees and expenses under 28 U.S.C. § 1447(c).

The court orders defendant to pay $200 to plaintiff's counsel for attorney's fees and costs incurred in responding to his frivolous removal.  Our court previously has determined that $200 represents a fair and reasonable award of fees and costs after a removing party files a frivolous removal.  *See King v. Ziegler (In re Marriage of King)*, No. 04-4158-SAC, 2004 WL 3037968, at *2 n.1 (D. Kan. Dec. 16, 2004), *aff'd*, 138 F. App'x 60 (10th Cir. 2005).  When awarding that amount, *Ziegler* noted that the award likely was less than the actual expenses and costs incurred in filing the motion to remand, but our court concluded it was fair and reasonable in light of the removing party's *pro se* status and the *in forma pauperis* filing of the action.  For the same reasons, the court here concludes that $200 is a fair and reasonable award of fees and costs given that defendant proceeds *pro se*.

**IT IS THEREFORE ORDERED THAT** plaintiff Bank of America's Motion to Remand (Doc. 4) is granted. This case is remanded to the District Court of Allen County, Kansas.

**IT IS FURTHER ORDERED THAT** defendant Jerry L. Swanson is ordered to pay $200 to plaintiff, through his attorneys, under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated this 6th day of April, 2017, at Topeka, Kansas.

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**